Marina C. Tsatalis (MT-6494)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas
40th floor
New York, NY 10019-6022
Tel.: (212) 999-5800
Fax: (212) 999-5899

Attorneys for Defendant
Infosys BPO Limited

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BUYING TRIANGLE, LLC, | Case No. 07-CV-4647 (GEL) |
| Plaintiff, | ECF Case |
| -against- | **INFOSYS BPO LIMITED'S ("DEFENDANT") MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AND SECOND CLAIMS FOR BREACH OF CONTRACT AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT** |
| INFOSYS BPO LIMITED, f/k/a Progeon Limited | |
| Defendant. | |

## TABLE OF CONTENTS

<u>**Page**</u>

**PRELIMINARY STATEMENT** ................................................................................................ 1

**BACKGROUND FACTS** ........................................................................................................... 1

**ARGUMENT** ............................................................................................................................... 2

I.  PLAINTIFF'S BREACH OF CONTRACT CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW BECAUSE THEY FAIL TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................................................ 2

    A.  Plaintiff's First and Second Claims Based on Breach of Contract Fail Because Infosys Did Not And Could Not Breach a Non-Existent Contractual Obligation ........................................................................................ 3

        1.  Plaintiff Cannot Establish Breach Of Any Provision Of the Letter Based on Its FTP Server Allegations ............................................................ 4

        2.  Plaintiff Cannot Establish Breach Of Any Provision Of The Letter Based On Alleged Failure To Return TBT And TBT Client Data to TBT ................................................................................................................ 6

II.  PLAINTIFF'S REFERENCES TO THE FTP SERVER SHOULD BE STRICKEN AS IMMATERIAL AND IRRELEVANT .......................................................................... 8

    A.  Legal Standard For Motions To Strike Under Federal Rule Of Civil Procedure 12(f). ............................................................................................... 8

    B.  Defendant's Alleged Obligations Regarding The FTP Server Are Irrelevant To All Of Plaintiff's Claims ................................................................................ 8

III. CONCLUSION ................................................................................................................ 9

TABLE OF AUTHORITIES

Page(s)

## CASES

Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc., No. 96 Civ. 2549
    (RWS), 1997 WL 97837 (S.D.N.Y. Mar. 6, 1997)..............................................................1

Dixie Yarns, Inc. v. Forman, No. 91 Civ. 6449 (CSH), 1993 WL 227661
    (S.D.N.Y. June 21, 1993).......................................................................................................8

Ganino v. Citizens Utils. Co., 228 F.3d 154 (2d Cir. 2000) ............................................................2

Harsco Corp. v. Segui, 91 F.3d 337 (2d Cir. 1996) ....................................................................3, 6

Highlands Ins. Co. v. PRG Brokerage, Inc., No. 01 Civ. 2272 (GBD), 2004 WL
    35439 (S.D.N.Y. Jan. 6, 2004)......................................................................................4, 7, 8

In re Wade, 969 F.2d 241 (7th Cir. 1992)........................................................................................3

Leadsinger, Inc. v. Cole, No. 05 Civ. 5606 (HBP), 2006 WL 2320544 (S.D.N.Y.
    Aug. 10, 2006) .............................................................................................................3, 4, 7, 8

Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co., 657 F. Supp.
    136 (E.D.N.Y. 1987)..............................................................................................................9

Ricciuti v. New York City Transit Auth., No. 90 Civ. 2823 (CSH), 1991 WL
    221110 (S.D.N.Y. Oct. 3, 1991) ...........................................................................................1

Ross v. FSG PrivatAir, Inc., No. 03 Civ. 7292 (NRB), 2004 WL 1837366
    (S.D.N.Y. Aug. 17, 2004) ..............................................................................................3, 7, 8

Rozsa v. May Davis Group, Inc., 187 F. Supp. 2d 123 (S.D.N.Y. 2002).......................................3

Sobek v. Quattrochi, No. 03 Civ. 10219 (RWS), 2004 WL 2809989 (S.D.N.Y.
    Dec. 8, 2004).................................................................................................................3, 7, 8

Stuto v. Fleishman, 164 F.3d 820 (2d Cir. 1999) ...........................................................................2

Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750 (7th Cir. 2002)..............................3

## STATUTES

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................1, 2

Federal Rule of Civil Procedure 12(f) .........................................................................................8, 9

## MISCELLANEOUS

5 C. Wright and A. Miller, Federal Practice and Procedure, § 1381 at 800-01
    (2d ed. 1990) ..........................................................................................................................8

**PRELIMINARY STATEMENT**

Defendant Infosys BPO Limited ("Infosys," "Company," or "Defendant") moves to dismiss Plaintiff The Buying Triangle, LLC's ("TBT" or "Plaintiff") first and second claims for breach of contract pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] TBT's breach of contract claims fail because TBT does not allege the necessary existence of any contractual agreement between the parties regarding: (1) the Infosys FTP server, or; (2) the alleged failure by Infosys to return TBT's property, which are the only two subjects covered by Plaintiff's contract claims. In fact, as set forth more fully below, Plaintiff attempts to base its breach of contract claims on an "agreement" that is entirely silent on both fronts. Furthermore, Plaintiff attempts to allege a breach based on conduct that occurred after Plaintiff had already terminated the contract at-issue, thus making a breach of contract claim impossible because no contract existed for Infosys to breach. Finally, to the extent Plaintiff's breach of contract claims are premised on the alleged theft of trade secrets or retention of TBT's alleged intellectual property by Infosys, those issues are already covered by Plaintiff's third claim for theft of trade secrets and fourth claim for unfair competition. Thus, Plaintiff's breach of contract claims are not only legally invalid, they are also redundant and superfluous to Plaintiff's trade secrets claims. For these reasons, the breach of contract claims challenged in this motion should be dismissed.

**BACKGROUND FACTS**

**Letter of Engagement**

In relevant part, this is a breach of contract case between two companies based on the meaning and interpretation of a one and one-half page letter. On August 25, 2006, Plaintiff sent

---

[1] Infosys hereby reserves its right to answer Plaintiff's remaining claims within ten (10) days after notice of the Court's ruling on its motion to dismiss Plaintiff's first and second claims. Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc., No. 96 Civ. 2549 (RWS), 1997 WL 97837 (S.D.N.Y. Mar. 6, 1997) (holding that service of motion to dismiss a portion of a complaint suspends Defendant's time to answer remainder of the complaint until motion to dismiss is decided); Ricciuti v. New York City Transit Auth., No. 90 Civ. 2823 (CSH), 1991 WL 221110, (S.D.N.Y. Oct. 3, 1991) (holding that service of motion to dismiss a portion of a complaint suspends Defendant's time to answer remainder of the complaint until motion to dismiss is decided).

Defendant a letter of engagement (the "Letter") generally describing Plaintiff's intent to select Defendant to deliver certain outsourcing services to Plaintiff. (Compl. ¶ 10; Ex. A).[2] The Letter is the sole document upon which Plaintiff relies to support its first and second claims for breach of contract. Id.

**Instant Action**

On or about April 6, 2007, Plaintiff notified Defendant in writing of its termination of the Letter and the parties' relationship because Defendant allegedly breached the agreement, for reasons set forth more fully below. (Compl. ¶ 11). After terminating the Letter, TBT allegedly requested that Infosys return all of TBT's data, as well as its client's data. Id. The parties continued to communicate about the circumstances leading up to termination and to negotiate regarding the end of their relationship. On June 1, 2007, Plaintiff filed the instant action.

**ARGUMENT**

**I.   PLAINTIFF'S BREACH OF CONTRACT CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW BECAUSE THEY FAIL TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Although Infosys flatly rejects Plaintiff's claims and will vigorously defend against each one, the Company respectfully moves to dismiss the first and second claims for breach of contract pursuant to Rule 12(b)(6) because Plaintiff's claims fail to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, a court must treat the factual allegations in the complaint as true and draw reasonable inferences in the plaintiff's favor. Ganino v. Citizens Utils. Co., 228 F.3d 154, 161 (2d Cir. 2000). The complaint must be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Id. The Court may properly consider any documents referred to in the complaint, whether explicitly or by reference, on a motion to dismiss. Stuto v. Fleishman, 164 F.3d 820, 826 n.1 (2d Cir. 1999). Many courts follow the "well-settled rule that

---

[2] All references to "Compl." are to the Complaint filed by Plaintiff with the Court on June 1, 2007. All references to "Ex." are to Plaintiff's Exhibit A, the August 25, 2006 Letter of Engagement between the parties, attached to Plaintiff's Complaint.

when a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations.*" Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 754 (7th Cir. 2002) (emphasis added); see also In re Wade, 969 F.2d 241, 249 (7th Cir. 1992) ("A plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment."); see also Rozsa v. May Davis Group, Inc., 187 F. Supp. 2d 123, 128 (S.D.N.Y. 2002) (holding that to the extent any allegations directly contradict evidence contained in the documents relied upon by a plaintiff, the documents control, and the allegations need not be accepted as true).

      A.      **Plaintiff's First and Second Claims Based on Breach of Contract Fail Because Infosys Did Not And Could Not Breach a Non-Existent Contractual Obligation**

To state a breach of contract claim under New York law, a complaint must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996). Even taking Plaintiff's allegations as true, Plaintiff cannot satisfy the first required element of a contract claim, "the existence of an agreement," based on the Letter. Put another way, Defendant could not possibly have breached the Letter because the obligations about which Plaintiff complains are not contained in the Letter. See Leadsinger, Inc. v. Cole, No. 05 Civ. 5606 (HBP), 2006 WL 2320544 (S.D.N.Y. Aug. 10, 2006) (dismissing breach of contract claim because Defendant's alleged obligations were not contained in the contract); Sobek v. Quattrochi, No. 03 Civ. 10219 (RWS), 2004 WL 2809989 (S.D.N.Y. Dec. 8, 2004) (dismissing breach of contract claim where Plaintiff's allegations as stated in the Complaint were not contained in the contract attached to said Complaint); Ross v. FSG PrivatAir, Inc., No. 03 Civ. 7292 (NRB), 2004 WL 1837366, at *3 (S.D.N.Y. Aug. 17, 2004) ("While it is clear from the face of the Amended Complaint that plaintiff enumerates certain acts and omissions of PrivatAir's alleged to comprise breaches of the contract, PrivatAir maintains that this alleged conduct did not violate any

contractual obligations actually existing between the parties ... we agree with PrivatAir."); Highlands Ins. Co. v. PRG Brokerage, Inc., No. 01 Civ. 2272 (GBD), 2004 WL 35439, at *8 (S.D.N.Y. Jan. 6, 2004) ("A breach of contract claim will be dismissed, however, as being too vague and indefinite, where the plaintiff fails to allege, in nonconclusory fashion, the essential terms of the parties purported contract, including the specific provisions of the contract upon which liability is predicated.") (citation and internal quotation marks omitted).

In Leadsinger, plaintiff alleged a breach of contract claim against his former employer for unearned advances on his commissions. See Leadsinger, 2006 WL 2320544, at *10. Defendant moved to dismiss on the basis that the provision of the contract upon which plaintiff relied "does not set forth [Defendant's] obligations with respect to repaying unearned advances on his commissions," but instead set forth limitations and restrictions on plaintiff's ability to earn commissions generally. Id. Thus, the Court dismissed plaintiff's breach of contract claim as a matter of law on the basis that the provision upon which plaintiff relied "does not provide the essential terms of the putative agreement that [Defendant] allegedly breached." Id.

### 1. Plaintiff Cannot Establish Breach Of Any Provision Of the Letter Based on Its FTP Server Allegations

Like the Plaintiff in Leadsinger, Plaintiff similarly alleges that Infosys breached the Letter, yet does not – and cannot – point to any obligations on the part of Infosys in the Letter relating to the FTP server. Plaintiff alleges breach by Infosys based on the alleged poor performance of Infosys' FTP server and a single, isolated alleged FTP "security breach." (Compl. ¶¶ 19-28). Plaintiff's Complaint sets out Infosys' alleged breaches of the Letter in Paragraphs 19-28 of the Complaint. Id. Plaintiff alleges that TBT clients experienced numerous occasions when the FTP servers were "down" and describes an alleged "breach of security" discovered by a TBT client by

which the TBT client could view the data of other TBT clients.  Id.  TBT further alleges that the

FTP "breach of security" was due to a design flaw on the part of Infosys.  Id.

While Infosys contests the veracity of Plaintiff's allegations, even if they are true, the

Letter does not set forth any of the obligations allegedly breached by Infosys, as summarized in

the chart below:

| The Company's Alleged Breaches | The Company's Obligations Per The Letter |
| --- | --- |
| TBT clients allegedly experienced approximately 15 different occasions when "the FTP servers created by Infosys" were down and unusable. (Compl. ¶ 21). | The Letter nowhere mentions any obligation on the part of Infosys to maintain an FTP server, nor does the Letter mention an "FTP server" at all.  (Ex. A). |
| On March 28, 2007, a TBT client allegedly discovered that the "FTP servers established by Infosys... were not secure" because of an alleged single FTP "breach of security," where the TBT client allegedly used the "go back" option and viewed other TBT client information.  (Compl. ¶¶ 22, 23). | The Letter nowhere mentions any obligation on the part of Infosys to maintain any FTP server or any security relating to any FTP server.  The Letter also does not anticipate or mention any direct TBT client access of any Infosys server. (Ex. A). |
| Infosys allegedly failed "to create different account-user ids for each separate TBT client." (Compl. ¶25). | The Letter nowhere mentions any obligation on the part of Infosys to create different account user-ids for each separate TBT client, nor to create account user-ids at all. (Ex. A). |

Furthermore, neither party, nor the Letter, contemplated assigning the task of hosting and

maintaining an FTP server to Infosys.[3]  (Ex. A).  In fact, the Letter makes no reference to "FTP,"

"FTP servers," or any other related terms.  Id.  Absent any agreement or obligation set forth in the

Letter, Plaintiff cannot establish a viable and existing agreement or any obligation on the part of

---

[3] As Plaintiff's Complaint notes, an FTP transfer merely requires a server and a client – both basic pieces of software that merely require a computer and an Internet connection to run either. (Compl. ¶¶ 13-15).  It is undisputed that both parties had a computer, Internet connection, and the ability to install either piece of FTP software.

Infosys relating to any FTP server in any manner. Accordingly, Plaintiff's first and second claims for breach of contract fail and must be dismissed as a matter of law.

### 2. Plaintiff Cannot Establish Breach Of Any Provision Of The Letter Based On Alleged Failure To Return TBT And TBT Client Data to TBT

Plaintiff also bases its breach of contract claims on Infosys' alleged breach of yet another obligation that is not contained in the Letter: the alleged failure to return TBT and TBT client data.[4] (Compl. ¶¶ 32-35). Plaintiff's contract claim based on the return of confidential and proprietary data also fails, however, because: (1) the Letter makes no mention of the return of TBT data at all, nor of any specific timeframe for such return and, moreover, (2) on the face of the Complaint, Plaintiff alleges that Infosys failed to return TBT property *after* TBT had already terminated the Letter. Simply put, a party cannot "breach" a contract that no longer exists, particularly because the existence of an agreement is a necessary *prima facie* element of a breach of contract claim. See Harsco, 91 F.3d at 348.

Specifically, Plaintiff's Complaint alleges that Defendant "currently has retained both TBT's intellectual property and certain confidential account data of TBT clients, despite a demand by TBT for the same" and returning such data is an "obligation under the Agreement."[5] (Compl. ¶ 28). However, despite Plaintiff's conclusory allegation that the return of TBT and TBT client data is mandated by the Letter, Plaintiff cannot and does not support its assertion by any

---

[4] Significantly, Plaintiff does not relate its breach of contract claim to its allegations that Infosys failed to return TBT and TBT client data until its First Claim for Relief in paragraph 29. (Compl. ¶¶ 29-35). Preceding paragraph 29, only the FTP server issues are described in detail as the foundation for Infosys' alleged breach of the Letter. (Compl. ¶¶ 19-25).

[5] Defendant further denies TBT's allegations because, after the date the Complaint was filed, Defendant and its counsel returned what it believes to be all of TBT's allegedly confidential and proprietary information to Plaintiff's counsel.

-6-

specific references to the Letter.[6]  Indeed, the Letter makes no reference to the process or timing of the return any data by either party.  (Ex. A).  As a result, Defendant could not breach the Letter by its alleged failure to return data within a specific time period, or by failing to return the data at all, because no such obligations are contained in the Letter.  See Leadsinger, 2006 WL 2320544; Highlands, 2004 WL 35439; Sobek, 2004 WL 2809989; Ross, 2004 WL 1837366.

Furthermore, even if Infosys had any contractual obligation to return TBT and TBT client data upon the termination of the Letter according to a specific process or timeline – which it does not – Infosys' alleged failure to return the data is unrelated to a breach of contract claim.  TBT alleges that the contract was breached on its discovery of the FTP "security breach" and, as a result, it terminated the contract on or about April 6, 2007.  (Compl. ¶ 26).  Thus, as of April 6, 2007, the breach had allegedly occurred, the Letter was terminated, and neither party could breach a non-existent contract after that point.[7]  Again, Plaintiff fails to allege the existence of an agreement, thus failing to state a required element of a contract claim.

Based on the foregoing, the Letter does not require (or even mention) an obligation for Infosys to maintain and secure an FTP server and the Letter does not set forth (or even mention) any requirement for Infosys to return TBT and TBT client data upon termination of the Letter, or at any time.  Additionally, Plaintiff's breach of contract allegations relating to alleged TBT trade secrets and intellectual property are duplicative of TBT's third and fourth claims for theft of trade

---

[6] With respect to TBT property, the Letter states only that TBT retains "all intellectual property rights to the processes" created by the parties under the Letter and that Defendant will "respect all trademarks and rights" and will not "duplicate" or "reverse engineer" TBT's products.  (Ex. A).  Notably, Plaintiff does not allege that Defendant has breached any of these provisions in the Letter, nor could it.

[7] Plaintiff concedes as much through the use of its descriptive Complaint headings.  Heading "C" is entitled "Infosys Breaches the Agreement" and encompasses paragraphs 19 through 25.  Pargraphs 19 through 25 only address the alleged issues with the FTP server.  Plaintiff thereafter addresses "Infosys Hold[ing] TBT Data Hostage" in an entirely new section "D".

secrets and unfair competition, respectively, and thus superfluous and unnecessary. For these reasons, Plaintiff's first and second claims for breach of contract fail as a matter of law.

## II. PLAINTIFF'S REFERENCES TO THE FTP SERVER SHOULD BE STRICKEN AS IMMATERIAL AND IRRELEVANT

### A. Legal Standard For Motions To Strike Under Federal Rule Of Civil Procedure 12(f).

Under Federal Rule of Civil Procedure 12(f), the Court may strike from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. Proc. 12(f). This Court may strike material that is unrelated to plaintiffs' claims and thus unworthy of any consideration. Dixie Yarns, Inc. v. Forman, No. 91 Civ. 6449 (CSH), 1993 WL 227661, at *4 (S.D.N.Y. June 21, 1993) (*citing* 5 C. Wright and A. Miller, *Federal Practice and Procedure*, § 1381 at 800-01 (2d ed. 1990)). Such stricken material typically bears no relation to the matter at issue and may result in prejudice to the moving party. Id.

### B. Defendant's Alleged Obligations Regarding The FTP Server Are Irrelevant To All Of Plaintiff's Claims

As set forth above, Defendant's alleged obligations regarding, inter alia, the maintenance and security of the FTP server are not contained in the Letter and, as a result, Plaintiff cannot maintain a breach of contract claim based on non-existent obligations. See Leadsinger, 2006 WL 2320544; Highlands, 2004 WL 35439; Sobek, 2004 WL 2809989; Ross, 2004 WL 1837366. Thus, such allegations are immaterial and irrelevant.

Similarly, the FTP server issues are wholly unrelated to any of Plaintiff's other claims in this matter, and thus are irrelevant to the entire case. In addition to its breach of contract claims, Plaintiff alleges that Defendant misappropriated trade secrets and engaged in unfair competition with said trade secrets. In support of these claims, Plaintiff alleges, inter alia, that Defendants refused to return TBT and TBT client data, repurposed such data for its own use, and used the data in direct competition with Plaintiff. Nowhere on the face of the Complaint does Plaintiff ever relate FTP server issues to its third (Trade Secret) and fourth (Unfair Competition) claims.

Accordingly, Plaintiff's allegations regarding the FTP server are unrelated and irrelevant to all of its remaining claims.  Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co., 657 F. Supp. 136 (E.D.N.Y. 1987) (striking irrelevant background information which did not pertain to the instant subject matter).

For these reasons, Plaintiff's allegations regarding, inter alia, the maintenance and security of the FTP server, are immaterial, impertinent, and irrelevant to all of Plaintiff's claims.  As such, Defendant respectfully moves this Court for an order pursuant to Rule 12(f) striking reference to the FTP server and related topics, including, but not limited to, striking Paragraphs 14, 15, and 21 through 25 in their entirety.

### III.   CONCLUSION

For the foregoing reasons, Defendant Infosys BPO Limited respectfully requests that the Court enter an Order dismissing the first and second claims based on breach of contract with prejudice.  Further, Defendant respectfully requests that the Court strike all references to the FTP server in the Complaint, including, but not limited to, Paragraphs 14, 15, and 21 through 25 in their entirety.

Respectfully submitted,

Date: July 16, 2007

/s/ Marina C. Tsatalis

Marina C. Tsatalis (MT-6494)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas
40th Floor
New York, NY 10019-6022
(212) 999-5800
Fax (212) 999-5899

Attorneys for Defendant
Infosys BPO Limited