Marina C. Tsatalis (MT-6494)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas
40th floor
New York, NY 10019-6022
Tel.: (212) 999-5800
Fax: (212) 999-5899

Attorneys for Defendant and Counter-Complainant
Infosys BPO Limited

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE BUYING TRIANGLE, LLC, | ) | CASE NO.: 07-CV-4647 (GEL) |
| Plaintiff, | ) | |
| | ) | ECF Case |
| -against- | ) | |
| | ) | **INFOSYS BPO LIMITED'S** |
| INFOSYS BPO LIMITED, f/k/a Progeon Limited | ) | **COUNTERCLAIMS AGAINST** |
| | ) | **THE BUYING TRIANGLE, LLC** |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| INFOSYS BPO LIMITED, | ) | |
| | ) | |
| Counter-Complainant, | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| THE BUYING TRIANGLE, LLC, | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Infosys BPO Limited ("Infosys," "Company" or "Counter-Complainant"), by and through its

attorneys, Wilson Sonsini Goodrich & Rosati, P.C., in support of its Counterclaims against Plaintiff

and Counter-Defendant The Buying Triangle, LLC ("Counter-Defendant" or "TBT"), alleges as

follows:

## PARTIES

1.    At all times hereinafter mentioned, Infosys is and was a corporation duly organized and existing under the laws of the country of India, with its principal place of business in India.

2.    On information and belief, at all relevant times, TBT is and was a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business in New York.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the amount in controversy is in excess of $75,000, exclusive of interest and costs, and there is diversity between the parties.

4.    Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a), as a substantial part of the events or omissions giving rise to the claims herein occurred in this jurisdiction.

## FACTUAL ALLEGATIONS

**Background**

5.    Infosys provides business process outsourcing services to clients throughout the world.  Such clients enter into contracts with Infosys whereby the clients pay Infosys to remotely perform any number of technical tasks, including, but not limited to, simple data processing or complex data analysis.

6.    TBT provides procurement process data analysis to various domestic clients.

**Letter of Engagement**

7.    On August 25, 2006, the parties entered into the Letter of Engagement (the "Letter") generally describing services that Infosys would provide to TBT, including processing data and performing data analysis for TBT.  The Letter is attached as Exhibit A to Plaintiff/Counter-Defendant's Complaint filed with the Court on June 1, 2007.

8.    The Letter provides that TBT agreed "to pay [Infosys] for services provided until termination."

9.   According to the Letter, Infosys sent TBT monthly invoices for services rendered. The Letter stated that TBT must pay the balance of outstanding invoices within 30 days of receipt.

10. Infosys sent TBT bills on February 28, 2007 and March 31, 2007 for $14,768.00 and $24,160.00, respectively, for services provided by Infosys to TBT.

11. TBT has failed and refused to pay the February 28, 2007 and March 31, 2007 invoices within the 30 day time period provided in the Letter, or at all.

12. TBT has further failed and refused to pay for any services provided by Infosys on or after the date that Infosys provided TBT with an invoice for services dated February 28, 2007, including, but not limited to, for services provided by Infosys to TBT in April 2007.

13. The Letter provided a specific notice provision for termination, requiring that either party terminate the agreement "by giving the other party two month's notice in writing."

**Termination of the Letter**

14. The relationship ended on or about April 6, 2007 when TBT unilaterally and immediately terminated the Letter, without providing Infosys with two months notice.

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract – Failure To Pay For Services Provided To TBT By Infosys)**

15. Infosys and TBT entered into the Letter on August 25, 2006.  The Letter was supported by consideration, and is a valid and enforceable contract.

16. Infosys has fully performed under the Agreement, including, but not limited to, providing services to TBT, and all conditions precedent have been performed or have occurred.

17. Infosys sent TBT invoices on February 28, 2007 for $14,768.00 and on March 31, 2007 for $24,160.00 for services provided by Infosys to TBT.  Such invoices total approximately $38,928.00 and have yet to be paid by TBT.

18. Infosys also provided services to TBT during the month of April 2007, prior to the termination of the contract by TBT, for services the estimated value of which is $7,000.000.

19. Greater than 30 days have passed since Infosys provided to TBT, and TBT received, the February 28, 2007 and March 31, 2007 invoices.

20. TBT breached the Letter by failing and refusing to pay any amounts for services provided to TBT by Infosys since on or about the date that Infosys provided TBT with its February 28, 2007 invoice, including, but not limited to, failing and refusing to pay $14,768.00 for the February 28, 2007 invoice, failing and refusing to pay $24,160.00 for the March 31, 2007 invoice, and failing and refusing to pay $7,000.000 for services provided to TBT by Infosys in April 2007.

21. TBT's failure to pay Infosys for services provided to TBT pursuant to the Letter has resulted in damages to Infosys in an amount to be proven at trial, but no less than Forty-Five Thousand Dollars ($45,000.00).

## SECOND CLAIM FOR RELIEF

### (Breach of Contract – Notice Provision)

22. Infosys and TBT entered into the Letter on August 25, 2006.  The Letter was supported by consideration, and is a valid and enforceable contract.

23. Infosys has fully performed under the Agreement including, but not limited to, providing services to TBT, and all conditions precedent have been performed or have occurred.

24. The Letter provided a specific notice provision, requiring that either party terminate the agreement "by giving the other party two month's notice in writing."

25. TBT breached the Letter by notifying Infosys on April 7, 2007 that it intended to terminate the Letter immediately, without notice.

26. TBT's failure to provide the required notice of two months of its intention to terminate the Letter has resulted in damages in an amount to be proven at trial, but no less than Ninety Thousand Dollars ($90,000.00).

27. Such damages include, but are not limited to, salaries paid to unassigned employees and overhead costs paid for dormant operations because Infosys did not have a suitable period to transition its employees from TBT to other projects, and damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, as a result of the foregoing, Infosys respectfully requests that this Court:

1. Award Infosys damages in an amount to be determined at trial;

2. Award Infosys pre-judgment interest as provided by law;

3. Award Infosys post-judgment interest as provided by law;

4. Award Infosys its costs and attorneys' fees incurred as a result of its prosecution in this matter;

5. Award Infosys such other and further relief as this Court may deem just and proper.

Dated:  July 16, 2007         WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:  /s/ Marina C. Tsatalis
       Marina C. Tsatalis (MT-6494)

Attorneys for Defendant and Counter-Complainant
 Infosys BPO Limited
1301 Avenue of the Americas
40th floor
New York, NY 10019-6022
Telephone:  (212) 497-7782
Telefax:  (212) 999-5899
Email: mtsatalis@wsgr.com