Jeffrey A. Udell (JU0411)
OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower,
65 East 55th Street
New York, New York 10022
(212) 451-2300
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BUYING TRIANGLE, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> INFOSYS BPO LIMITED, f/k/a Progeon Limited, <br><br> Defendant. | **ECF Case** <br><br> No. 07 Civ. 4647 (GEL) <br><br> **ANSWER TO COUNTERCLAIMS** |
| INFOSYS BPO LIMITED, <br><br> Counter-Complainant, <br><br> -against- <br><br> THE BUYING TRIANGLE, LLC, <br><br> Counter-Defendant. | |

Plaintiff and Counter-Defendant The Buying Triangle, LLC ("TBT"), by and through its attorneys, Olshan Grundman Frome Rosenzweig & Wolosky LLP, answers the Counterclaims of Defendant and Counter-Complainant Infosys BPO Limited ("Infosys") in this matter as follows:

549538-1

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2. Admits the allegations set forth in paragraph 2.

3. Avers that the allegations set forth in paragraph 3 state legal conclusions, to which no response is required.

4. Avers that the allegations set forth in paragraph 4 state legal conclusions, to which no response is required.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

6. Admits the allegations set forth in paragraph 6.

7. Denies the allegations set forth in paragraph 7, except admits that the parties entered into a written agreement (the "Agreement"), dated August 25, 2006, and that the Agreement is attached as Exhibit A to the Complaint.

8. Denies the allegations set forth in paragraph 8, except avers that the Agreement speaks for itself.

9. Denies the allegations set forth in paragraph 9, except admits that Infosys sent TBT monthly invoices and further avers that the Agreement speaks for itself.

10. Denies the allegations set forth in paragraph 10, except admits that Infosys sent TBT invoices on the dates and in the respective amounts alleged by Infosys. After Infosys submitted its February invoice, moreover, TBT informed a senior Infosys manager that a significant portion of the bill was in error. Such Infosys manager acknowledged the error and informed TBT that the bill would be amended and resubmitted. Such bill was never resubmitted to TBT. The March invoice contained the

same errors, which TBT brought to the attention of Infosys. The March invoice was never resubmitted to TBT.

11. Denies the allegations set forth in paragraph 11.

12. Denies the allegations set forth in paragraph 12 and further avers that Infosys has never submitted to TBT an invoice for services rendered in April 2007.

13. Denies the allegations set forth in paragraph 13, except avers that the Agreement speaks for itself.

14. Denies the allegations set forth in paragraph 14, except admits that on or about April 6, 2007, TBT communicated to Infosys in writing that it (TBT) would terminate the parties' relationship.

15. Admits the allegations set forth in paragraph 15.

16. Denies the allegations set forth in paragraph 16.

17. In response to paragraph 17, repeats its response to paragraph 10 as if set forth fully herein.

18. Denies the allegations set forth in paragraph 18.

19. Denies the allegations set forth in paragraph 19, except admits that greater than 30 days have passed since TBT received the flawed February and March invoices from Infosys, which invoices Infosys failed to correct.

20. Denies the allegations set forth in paragraph 20.

21. Denies the allegations set forth in paragraph 21.

22. Admits the allegations set forth in paragraph 22.

23. Denies the allegations set forth in paragraph 23.

24. Denies the allegations set forth in paragraph 24, except avers that the Agreement speaks for itself.

25. Denies the allegations set forth in paragraph 25.

26. Denies the allegations set forth in paragraph 26.

27. Denies the allegations set forth in paragraph 27.

## FIRST AFFIRMATIVE DEFENSE

28. Each of the Counterclaims fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

29. The Counterclaims are barred by the doctrine of setoff. All damages claimed by Infosys in its Counterclaims are subject to setoff for the damages that Infosys caused TBT, which are set forth in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

30. Infosys' Counterclaims are barred by the doctrines of estoppel, waiver, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

31. To the extent that Infosys has suffered any damage or loss -- and TBT expressly denies that it has -- such damage or loss was caused by Infosys' own conduct, negligence, and lack of due care, attention and diligence.

## FIFTH AFFIRMATIVE DEFENSE

32. To the extent that Infosys has suffered any damage or loss -- and TBT expressly denies that it has -- Infosys has failed to mitigate its damages, if any.

WHEREFORE, TBT respectfully requests:

    1. that the Counterclaims be dismissed with prejudice;

    2. that the Court award TBT its costs and attorneys' fees incurred as a result of its defense of the Counterclaims; and

    3. that the Court grant TBT any such other and further relief as the Court may deem just and proper.

Dated: New, York, New York
August 27, 2007

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP

By: _____
Jeffrey A. Udell (JU0411)
Raphael Katz (RK6603)
*Attorneys for Plaintiff*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2300