Ulrico S. Rosales, Esq. (*Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas
40th floor
New York, NY 10019-6022

Attorneys for Defendant and Counter-Complainant
Infosys BPO LIMITED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BUYING TRIANGLE, LLC,<br><br>      Plaintiff,<br><br>-against-<br><br>INFOSYS BPO LIMITED, f/k/a Progeon Limited,<br><br>      Defendant.<br><br>---<br><br>INFOSYS BPO LIMITED,<br><br>      Counter-Complainant,<br><br>-against-<br><br>THE BUYING TRIANGLE, LLC,<br><br>      Counter-Defendant. | Case No. 07-CV-4647<br><br>ECF Case<br><br>**ANSWER AND**<br>**AFFIRMATIVE DEFENSES** |

ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
OF DEFENDANT INFOSYS BPO LIMITED

Infosys BPO Limited ("Infosys," "Company," or "Defendant"), by and through its attorneys, Wilson Sonsini Goodrich & Rosati, Professional Corporation, hereby answers the Complaint of Plaintiff The Buying Triangle, LLC ("TBT" or "Plaintiff") and sets forth its affirmative defenses and jury demand as follows:

3148835_7.DOC

### Nature of the Case

1.      Defendant admits that Plaintiff and Defendant entered into a letter of engagement (the "Agreement") on August 25, 2006. Otherwise, Defendant denies the allegations in paragraph 1.

### The Parties

2.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2.

3.      Defendant admits that it is organized under the laws of the country of India, maintains its principal place of business in India, is registered to do business in New York, and was formerly known as Progeon Limited. Defendant is informed and believes that Infosys Technologies is a publicly traded technology services company based in India. Otherwise, Defendant denies the allegations in paragraph 3.

### Jurisdiction and Venue

4.      Defendant admits the allegations in paragraph 4.

5.      Defendant admits the allegations in paragraph 5.

6.      Defendant admits that venue is appropriate in this District pursuant to 28 U.S.C. §1391(c), as Defendant "resides" in this District for purposes of venue because it is subject to personal jurisdiction here. Otherwise, Defendant denies the allegations in paragraph 6.

### Factual Allegations

**A.     Background**

7.      Defendant admits that Plaintiff's business is in the procurement space. Defendant admits that Plaintiff's methods are unpatented. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations relating to Plaintiff's business model. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff's analysis and identification of spending patterns is designed to ensure that the clients receive reductions of 10% to 20% in their procurement costs, and on that basis deny the allegations therein. Otherwise, Defendant denies the allegations in paragraph 7.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations relating to Plaintiff's work on behalf Plaintiff's clients. Defendant admits that it engaged in business with Plaintiff pursuant to an Agreement. Otherwise, Defendant denies the allegations in paragraph 8.

9. Defendant admits its website states that the Company is recognized as "one of the leading BPO companies in India by NASSCOM, Dataquest, the International Association of Outsourcing Professionals, Red Herring, Businessworld, etc." and that its website further notes that the Company "combine[s] domain knowledge, process skills and a technology heritage to offer [its] clients predictable, 'no-surprises' process outsourcing." Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that these statements led Plaintiff to turn to Defendant and rely on it for computer-based analysis, and on that basis deny the allegations therein. Otherwise, Defendant denies the allegations in paragraph 9.

**B.     The Agreement**

10. Defendant admits that on or about August 25, 2006, TBT and Infosys (then known as "Progeon Limited") entered into an Agreement to have Defendant deliver services to Plaintiff that Plaintiff would resell to customers in the area of spending analytics, and to support the P2P Smart product. Defendant further admits that the LOE designates payment rates between $3 and $20 per full-time-employee per hour, depending on the nature of the work. Otherwise, Defendant denies the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11.

12. Defendant admits the allegations in paragraph 12.

13. Defendant admits that a computer server exists at its location in Bangalore, India that utilizes the FTP protocol and such protocol can transfer data from one computer to another over the Internet, or through a network. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that FTP is a commonly used method, and on that basis denies the allegation. Otherwise, Defendant denies the allegations in paragraph 13.

14. Defendant admits the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that each TBT client received a unique password and link, enabling it to upload its confidential data to the FTP server created by Infosys, and on that basis denies the allegations in paragraph 16. Otherwise, Defendant denies the allegations in paragraph 16.

17. Defendant admits that TBT trained Defendant's personnel to use BIQ, a third party program, to conduct the generic process of spending analytics, covering topics such as business processes, approach, know-how, presentations, reports, Invoice Review, and Spend Cube. Otherwise, Defendant denies the allegations in paragraph 17.

18. Defendant admits that Bernard Gunther, a TBT employee, traveled to India three times for the purposes of training Infosys personnel. Defendant further admits that TBT trained various Infosys employees remotely via telephone, email, and web-sharing at times. Otherwise, Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant admits that there were service interruptions with the Infosys FTP server on occasion between July 2006 and March 2007. Otherwise, Defendant denies the allegations in paragraph 21.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations about the actions of TBT clients, and on that basis denies the allegations in paragraph 22. Otherwise, Defendant denies the allegations in paragraph 22.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations about the actions of TBT clients, and on that basis denies the allegations in paragraph 23. Otherwise, Defendant denies the allegations in paragraph 23.

24. Defendant admits that TBT notified Infosys and requested an explanation for the TBT client's alleged ability to view other TBT client data. Otherwise, Defendant denies the allegations in paragraph 24.

25. Defendant admits that it conducted an internal review and that a subsequent report stated that Defendant's "risk review did not flag the need for using different account user ids for different end customer of TBT." Otherwise, Defendant denies the allegations in paragraph 25.

26. Defendant admits that on or about April 6, 2007, TBT communicated to Infosys in writing that "effective immediately" it "will terminate its relationship with Infosys BPO Ltd. ..." and stated, "We require that all TBT account data and intellectual property be transferred from Infosys to TBT in a swift and orderly fashion within the next two weeks. Once this transition is complete and approved by TBT, we will pay all outstanding Infosys invoices..." TBT's letter identified "all materials acquired from TBT, *and* TBT clients, during the course of the parties' relationship..." Otherwise, Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

## FIRST CLAIM FOR RELIEF

29. Defendants repeat and reallege their responses to paragraphs 1 through 28 as if fully set forth herein.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant admits that TBT has made a demand for the return of the materials described in paragraphs 32 and 33 of the Complaint. Otherwise, Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

## SECOND CLAIM FOR RELIEF

36. Defendants repeat and reallege their responses to paragraphs 1 through 35 as if fully set forth herein.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

## THIRD CLAIM FOR RELIEF

39. Defendants repeat and reallege their responses to paragraphs 1 through 38 as if fully set forth herein.

40. Defendant admits that TBT retained its services to support TBT's generic methodology in the area of spending analysis and to support TBT's products. Otherwise, Defendant denies the allegations in paragraph 40.

41. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations that TBT has expended a great deal of time, money and labor to develop its processes and has not shared them with persons outside of TBT, and on that basis denies the allegations. Defendant is further without sufficient knowledge or information to form a belief as to the truth of the allegations that TBT's processes are integral to TBT's business, and on that basis denies the allegation. Otherwise, Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42

43. Defendant admits the allegations in paragraph 43.

44. Defendant admits the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant admits that a PowerPoint presentation was created pursuant to a Marketing Alliance Agreement with TBT that was to be used to pitch spending analysis to Defendant's clients and prospects. Otherwise, Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

## FOURTH CLAIM FOR RELIEF

50. Defendants repeat and reallege their responses to paragraphs 1 through 49 as if fully set forth herein.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

## THE COMPANY'S DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred or limited by estoppel.

3. Plaintiff's claims are barred or limited by unclean hands.

4. Plaintiff's claims are barred or limited by waiver.

5. Plaintiff's claims are barred or limited due to release and discharge as a result of TBT's prior material breach of contract.

6. Plaintiff's claims are barred are limited by reason of Defendant's substantial performance of its obligations pursuant to the Agreement.

7. Plaintiff's claims are barred or limited by the parol evidence rule; any oral statements or representations made to Plaintiff which contradict the express written contractual terms in the Agreement are barred.

8. Plaintiff is not entitled to recover for its damages, if any, to the extent that it has failed to mitigate or reasonably attempt to mitigate its damages as required by law.

9. Plaintiff's purported claims for breach of an alleged contract are barred to the extent that Plaintiff has failed to fulfill any contractual conditions precedent.

10. Defendant may have additional defenses that cannot be articulated because of Plaintiff's failure to particularize its claims and to provide more specific information concerning the nature of the damage claims. Defendant therefore reserves the right to assert additional defenses upon further

particularization of Plaintiff's claims, examination of documents provided, discovery regarding its claims and damages, and upon the development of other relevant information.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests the following relief:

1. A judgment in favor of Defendant denying all relief requested in its Complaint in the action and dismissing Plaintiff's Complaint in its entirety with prejudice;

2. That Defendant be awarded it's costs of suit, including reasonable attorneys' fees and other disbursements; and

3. For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Defendant demands a trial by jury on all issues so triable.

Dated: August 27, 2007

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: *[signature]*
Ulrico S. Rosales

1301 Avenue of the Americas
40th floor
New York, NY 10019-6022
Telephone: (212) 497-7782
Telefax: (212) 999-5899
Email: urosales@wsgr.com

Attorneys for Defendant and Counter-Complainant
Infosys BPO LIMITED