Ulrico S. Rosales, Esq. (*Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas
40th floor
New York, New York 10019-6022

*Attorneys for Defendant and Counter-Complainant
Infosys BPO LIMITED*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BUYING TRIANGLE, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> INFOSYS BPO LIMITED, f/k/a Progeon Limited, <br><br> Defendant. <br><br>―――――――――――――――――<br><br> INFOSYS BPO LIMITED, <br><br> Counter-Complainant, <br><br> -against- <br><br> THE BUYING TRIANGLE, LLC, <br><br> Counter-Defendant. | Case No. 07-CV-4647 (Gel) <br><br> ECF Case |

## PROTECTIVE ORDER OF CONFIDENTIALITY

Each party recognizes that some of the documents and information that will be produced in this action may include private or other confidential, proprietary, trade secret, technical, commercial, business and/or financial information. To preserve the confidential or proprietary

status of such information, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and Counter-Defendant The Buying Triangle, LLC and Defendant and Counter-Complainant Infosys BPO Limited (jointly "the Parties" and each individually a "Party"), subject to the approval of the Court, that this Protective Order of Confidentiality (the "Protective Order") shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, data and other information (collectively "Discovery Material") produced, exchanged or disclosed by any Party or non-party in connection with the above-captioned action (the "Litigation"), as follows:

1. Any information or materials produced by any Party or non-party as part of discovery in this Litigation may be designated by such Party or non-party as (1) "Confidential" or (2) "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (all such "Confidential" and "Highly Confidential – Attorneys' Eyes Only" Discovery Material shall be collectively referred to herein as the "Confidential Information").

2. As a general guideline, information or materials designated as **"Confidential"** shall be those things that may be disclosed to the Parties for the purposes of this Litigation only, and thus must be protected against disclosure to third parties. Examples of such information or materials include materials a Party reasonably and in good faith believes contain or disclose information that the Party, in the ordinary course of business, does not or would not publicly disclose, or information that a Party is under a preexisting obligation to maintain as confidential. Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the Parties and their counsel solely in connection with this Litigation, and not for any business, competitive, or governmental purpose or function, or in any other litigation, and such information shall not be disclosed to anyone except as provided herein.

3. As a further general guideline, information or materials designated as **"Highly Confidential – Attorneys' Eyes Only"** shall be those things of a proprietary business or technical nature that might be of value to a competitor or potential customer of the non-party holding the proprietary rights thereto, and that must be protected from disclosure. Examples of

2

such information or materials include a Party's trade secrets, confidential technical information, methods or other know-how, present or future marketing plans, product profit data or other projections, business strategy, confidential agreements or relationships with third parties, or materials that a Party is under a pre-existing obligation to a third party to treat as such. Absent a specific order by this Court, once designated as "Highly Confidential – Attorneys' Eyes Only," such designated information shall be used by counsel solely in connection with this Litigation, and not for any business, competitive, or governmental purpose or function, or in any other litigation, and such information shall not be disclosed to anyone except as provided herein.

4. The designation of information or material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the Party or non-party seeking protection:

(a) in the case of documents, exhibits, briefs, memoranda, written discovery responses, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate, to each page containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the producing or receiving Party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder;

(b) in the case where documents, data or information are produced in a magnetic, optical or semiconductor media (such as a CD-ROM, DVD, disk drive or flash memory device), by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate, on the medium container at the time such media are produced or such information is disclosed, or as soon thereafter as the producing or receiving Party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder. To the extent that any Party prints any of the information contained on magnetic, optical or semiconductor media that is designated as Confidential Information, such printouts will be marked as described in ¶¶ 2-3 above;

(c) in the case of any physical exhibits, the confidential status shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality notice as described in ¶¶ 2-3 above;

(d) in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all parties within thirty-five (35) days after the mailing (via overnight mail) to counsel of the transcript of the deposition. During a deposition, the deponent or his/her counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the Party or non-party that testimony about to be given is deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The parties bound by this Protective Order shall treat all deposition and other pretrial and trial testimony as "Highly Confidential – Attorneys' Eyes Only" hereunder until the expiration of thirty-five (35) days after the mailing (via overnight mail) to counsel of the transcript of the testimony. Unless so designated, any confidentiality is waived after the expiration of the 35-day period unless otherwise stipulated or ordered. The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order;

(e) With respect to any testimony elicited during any deposition, whenever counsel for any Party deems that any question or line of questioning calls for or has resulted in disclosure of information that should be treated as "Confidential" or "Highly Confidential –

Attorneys' Eyes Only" and any representative of a Party (or any other person) is in attendance at the deposition who is not a Party to whom disclosure of such information is permitted pursuant to this Order, and such representative is not the witness being examined, such representative shall be excluded from those portions of the proceeding during which disclosure of the information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as the case may be, occurs.

5. Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) any authors or recipients of the Confidential Information, excluding any unauthorized recipients;

(b) Parties to this Litigation, including any officer or employee of a Party, to the extent deemed necessary by counsel for the prosecution or defense of this Litigation;

(c) the Parties' respective outside counsel of record in this Litigation and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this Litigation;

(d) employees and in-house counsel of each Party whose assistance is needed by counsel for the purposes of this Litigation, subject to and conditioned upon compliance with Paragraph 11 herein;

(e) consultants or experts as defined in Paragraph 7 herein and pursuant to the provisions of Paragraph 8 and conditioned upon compliance with Paragraph 11 herein, and any outside copy services who have agreed to be bound by and comply with this Protective Order;

(f) the Court and those employed by the Court, pursuant to Paragraph 12 herein;

(g) court reporters and employees of court reporters engaged in connection with this Litigation to record and transcribe testimony in this Litigation who have agreed to be bound by and comply with this Protective Order;

(h) third party contractors, including their employees and agents, involved solely in one or more aspects of design services for preparation of demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this Litigation, including the performance of such duties in relation to a computerized litigation support system, subject to and conditioned upon compliance with Paragraph 11 herein;

(i) non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 11 herein; and

(j) any other person only upon written consent of the Party producing the Confidential Information, subject to and conditioned upon compliance with Paragraph 11 herein, or upon order of the Court.

6. Information or material designated as "Highly Confidential – Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) the Parties' respective outside counsel of record in this Litigation and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this Litigation;

(b) in-house counsel of each Party whose assistance is needed by counsel for the purposes of this Litigation, subject to and conditioned upon compliance with Paragraph 11 herein;

(c) the author, addressee, or any person who lawfully received or viewed a copy of the document or information prior to its production in this lawsuit, if such person is an officer or employee of a Party to this lawsuit;

6

(d) consultants or experts as defined in Paragraph 7 herein and pursuant to the provisions of Paragraph 8 herein and subject to and conditioned upon compliance with Paragraph 11 herein, and any outside copy services who have agreed to be bound by and comply with this Protective Order;

(e) the Court and those employed by the Court, pursuant to Paragraph 12 herein;

(f) court reporters and employees of court reporters engaged in connection with this Litigation to record and transcribe testimony in this Litigation who have agreed to be bound by and comply with this Protective Order;

(g) third party contractors, including their employees and agents, involved solely in one or more aspects of design services for purposes of preparing demonstrative exhibits, organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or designing programs for handling data connected with this Litigation, including the performance of such duties in relation to a computerized litigation support system, subject to and conditioned upon compliance with Paragraph 11 herein;

(h) non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 11 herein; and

(i) any other person only upon written consent of the Party producing the Confidential Information, subject to and conditioned upon compliance with Paragraph 11 herein, or upon order of the Court.

The Parties specifically acknowledge and agree that Parties and their employees (other than those persons who otherwise fall within the scope of any subparagraph of this Paragraph 6) shall not be allowed access to "Highly Confidential – Attorneys' Eyes Only" information.

7. For purposes of Paragraphs 5(e) and 6(d) herein, a "consultant" shall be defined as a person who is retained or employed as a bona fide consultant or expert for purposes of this Litigation, whether full or part time, by or at the direction of counsel for a Party.

7

8.  All persons listed in Paragraphs 5(d), 5(e), 5(h), 5(i), and 5(j) may be given access to information or material designated as "Confidential", and all persons listed in Paragraphs 6(d), 6(g), 6(h) and 6(i) may be given access to information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" <u>only after they first</u> confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Agreement To Be Bound By Protective Order in the form attached hereto as <u>Exhibit A</u>.

9.  Prior to disclosing or providing copies of any Confidential Information to any expert or consultant or other personnel as defined in Paragraphs 5(c), 6(d), 7 and 8 above, Parties shall meet and confer regarding such disclosure. Specifically, at least five (5) business days prior to making the first such disclosure to any expert or consultant, the person or Party making such disclosure shall provide the designating party with a copy of the Agreement To Be Bound By Protective Order signed by the individual consultant or expert and provide written notice as follows:

   a.  Disclosing the identity of the expert or consultant; and
   b.  Identifying the present employer of the expert or consultant.

10. Any Party may object to a disclosure to an expert or consultant within five (5) business days after receipt of the signed Agreement To Be Bound By Protective Order and written notice set forth in ¶ 9, by stating specifically in writing the reasons why the Party believes such person should not receive the Confidential Information. In the event of such an objection, no disclosure of Confidential Information shall be made to the expert or consultant for a period of five (5) business days following the receipt of the objection. The Party objecting to the disclosure to the expert or consultant and the Party wishing to disclose such Confidential Information to the expert or consultant shall make good faith efforts to resolve the dispute. If no such resolution is obtainable, the objecting Party may move the Court, by noticed motion, for an order that disclosure not be made to such expert or consultant or that the disclosure be made only upon certain conditions. The moving Party shall have the burden of establishing that good cause

8

exists for such an order, and shall seek to have the matter heard at the earliest possible date. If a written notice that the moving party intends to promptly file a motion is not received within five (5) business days following receipt of the objection, the Confidential Information may be disclosed to such expert or consultant for the purposes of and upon the conditions herein stated. If such a motion or application is made, there shall be no disclosure to such expert or consultant until the Court has ruled upon the motion or application, and then only in accordance with the ruling so made.

11. Notwithstanding Paragraphs 5 and 6 herein, material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" may be shown at a deposition to non-party witnesses and to their respective counsel, and may be marked as exhibits to depositions, provided that all of the following three conditions are satisfied:

(a) Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not be attached to any copies of deposition transcripts provided to non-party witnesses (except witnesses, experts, and consultants authorized to receive such materials under Paragraphs 5, 6, 7 and 8 of this Order as applicable);

(b) Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not be shown to a non-party witness unless the party showing such material to the non-party witness believes in good faith that (i) such witness has specific information regarding the material or events reflected in the material, (ii) that the material would refresh the recollection of the witness regarding the material or events as to which the witness has specific information, or (iii) disclosure is necessary for a full and complete examination of the witness; and

(c) For material designated as "Highly Confidential – Attorney's Eyes Only", the non-party witness is a person who authored or received the designated material, or is an individual retained pursuant to the terms of Paragraphs 7 and 8.

12. Where any Confidential or Highly Confidential – Attorneys' Eyes Only information or documents or information, or documents derived from Confidential or Highly

9

Confidential – Attorneys' Eyes Only information or documents, is included in any Court filing, such filing shall be marked "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**" and placed in a sealed envelope along with the caption of the case, brief description of the nature of the contents of the envelope, and either of the following two legends:

> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER - This envelope contains materials that are subject to the Court's Protective Order governing the use of confidential information. This envelope shall not be opened nor the contents thereof displayed or revealed except by order of the Court.
>
> HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER - This envelope contains materials that are subject to the Court's Protective Order governing the use of confidential information. This envelope shall not be opened nor the contents thereof displayed or revealed except by order of the Court.

Nothing in this Protective Order shall preclude a Party from applying to the Court for a further Order prohibiting disclosure to persons or entities documents or those portions of documents containing Confidential Information that have been, or will be, filed with the Court.

13. No Party shall be obligated to challenge the propriety of the designation of any material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such material or the information contained therein to persons not identified in this Order, or from otherwise modifying the provisions of this Order.

14. A Party may challenge another Party's designation of information or materials produced herein as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by serving a written objection upon the producing Party. The producing Party shall notify the challenging Party in writing of the basis for the asserted designation within ten (10) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging Party has received the notice of the basis for the asserted designation. To the extent the Parties are unable to reach an agreement as to the designation, the designating Party must make an appropriate application to this Court,

with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be included within the provisions of this Protective Order. Until a dispute over the asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the information or materials in question as designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

15. All "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 5 and 6 above as persons properly having access thereto.

16. All counsel for the Parties and any non-party who have access to information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

17. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any Party that any particular information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "Confidential" or "Highly Confidential – Attorneys' Eyes Only";

(c) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly confidential information;

(g) prejudice in any way the rights of a Party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of "Highly Confidential – Attorneys' Eyes Only" information or materials itemized in Paragraph 3 above, is properly designated "Highly Confidential – Attorneys' Eyes Only"; or

(h) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this Litigation to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

18. If a Party inadvertently produces "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information without marking it as such, the information must be treated as if it had been timely designated under this Protective Order as soon as the receiving party becomes aware of the inadvertent production, must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 5 or 6 above, as well as any copies made by such persons and must discontinue any impermissible use of the information. In the case of inadvertently produced privileged and/or attorney work product documents, or other documents where the producing party would otherwise be entitled to withhold production, upon request of the producing party, the documents together with all copies thereof and any notes made therefrom shall promptly be returned forthwith to the Party claiming privilege and/or attorney work product immunity or

12

shall be destroyed. Such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, attorney work product protection or other ground for withholding production to which the producing party would otherwise be entitled, provided that, promptly after discovering that the information was inadvertently produced, the producing party requests in writing (a "Return Request") that the other parties return all Discovery Material as to which the claim of inadvertent protection has been made and destroy all copies of other material derived therefrom. All Discovery Material covered by a Return Request shall be returned and/or destroyed as requested within ten (10) days of receipt of the Return Request. If a Party refuses to comply with the Return Request, that Party shall make no disclosure of its contents except in camera to the Court in any motion practice related to that document and shall promptly notify the producing Party that it will not honor the Return Request absent a ruling by the Court. Within twenty (20) business days of receipt of that notice, the producing Party shall file a motion for return of the Discovery Material. No Party shall use the Discovery Material covered by the Return Request for any purpose other than for such a motion pending the Court's resolution of the issue. No such motion shall challenge the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation of such Discovery Material on the ground that it was produced in the Litigation. Any documents submitted in support of such a motion must be filed in a sealed envelope as provided for in Paragraph 12 above.

19. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

20. It is the present intention of the Parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this Litigation. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other Parties hereto and to any non-party which has disclosed information in reliance on this Protective Order, for good cause.

21. The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to both Parties and affected non-parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

22. The provisions of this Protective Order shall continue to be binding throughout and after the conclusion of this Litigation, including without limitation any appeals therefrom. Unless the Court orders otherwise, within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, including any appeals therefrom, all persons having received information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party or, alternatively, shall destroy such material and provide written certification of such destruction to counsel for the producing party. All materials returned to the Parties, non-parties, or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

23. In the event that any information or material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder is used in any court proceeding in this Litigation or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" through such use. Counsel for the Parties shall confer on such procedures as are reasonable and appropriate to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

24. If any Party or non-party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this Litigation, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those

14

who produced or designated the information or material "Confidential" or "Highly Confidential – Attorneys' Eyes Only," shall furnish the producing party with a copy of said subpoena or other process or order, shall object to its production by setting forth the existence of this Protective Order, and shall reasonably cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The producing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

25. Nothing in this Protective Order shall be deemed to restrict in any manner the use or disclosure by (i) any Party of its own confidential information for any purpose or (ii) any Party who has lawfully obtained such information from a non-confidential source independently of any proceedings in this Litigation.

26. It shall be the obligation of the Party receiving Confidential Information to obtain the return of any such information or documents distributed to any experts during the course of the Litigation.

27. Outside counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and exhibits, and their work product (including Discovery Material containing Confidential Information) provided that such outside counsel, and employees of such outside counsel shall not disclose such court papers or work product to persons except pursuant to court order or agreement with the producing party or designating party. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

28. Confidentiality designations by the Parties shall have no bearing upon and do not constitute an admission as to whether the designated information is non-public under trade

secret law. Furthermore, the Parties shall raise the question of whether the jury should see confidentiality designations before the Court as a pre-trial stipulation or motion in limine.

    29.    This Protective Order of Confidentiality may be signed in counterparts.

Dated: October 30, 2007

_____
Ulrico S. Rosales, Esq. (*Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel: (212) 999-5800
Fax: (212) 999-5899

*Attorneys for Defendant and Counter-Complainant*
*Infosys BPO LIMITED*

Dated: October 30, 2007

_____
Jeffrey A. Udell (JU0411)
OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower,
65 East 55th Street
New York, New York 10022
Tel: (212) 451-2300
Fax: (212) 451-2222

*Attorneys for Plaintiff and Counter-Defendant*
*THE BUYING TRIANGLE, LLC*

SO ORDERED:

Dated: ~~October~~ November 1, 2007

_____
The Honorable Gerard E. Lynch
United States District Judge